IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, | ) ) ) ) No. 1:19-cv-5031- ) |
| Plaintiffs, | ) ) ) |
| LUCAS STUCCO STONE & BRICK, LLC, a Missouri corporation, and TVH EXTERIOR LLC, a Missouri limited liability company, | ) ) ) ) |
| Defendants. | ) |

COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendants, **LUCAS STUCCO STONE & BRICK, LLC and TVH EXTERIOR LLC,** as follows:

COUNT I

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

    (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, (the "Funds"), and have standing to sue pursuant to 29

U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons and Operative Plasterers and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendant, **LUCAS STUCCO STONE & BRICK, LLC** ("**LUCAS STONE**") is an employer engaged in an industry affecting commerce.

5. Defendant, **TVH EXTERIOR LLC ("TVH")** is an employer engaged in an industry affecting commerce.

6. Since July 9, 2001, **LUCAS STUCCO & EIFS DESIGN, L.L.C. ("LUCAS EIFS")** entered into a collective bargaining agreement with the Union pursuant to which it was required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

7. **LUCAS STONE** was a prior alter ego of **LUCAS EIFS** and based on settlement of prior litigation, agreed to be bound to the pre-existing **LUCAS EIFS** Union Agreement, and the current applicable union agreement with Plasterers Local 3.

8. **LUCAS STONE** has abided by, adopted and adhered to the **LUCAS EIFS** Union Agreement for at least the last three years and continues to abide by the current applicable Plasterers Local 3 Union Agreement.

9. By virtue of certain provisions contained in the collective bargaining agreements, **LUCAS STONE** is bound by the Trust Agreement establishing the Funds.

10. **TVH** is liable for unpaid benefits for bargaining unit employees on its payroll, as **TVH** is the successor and/or alter ego to **LUCAS STONE** under applicable labor relations theory in that:

   a. Officers of **LUCAS STONE** controls(ed) the labor relations policy making of both companies;

   b. The companies are interrelated and share common employees, equipment, materials and jobs in that TVH uses some of the foregoing which previously and/or currently were used by **LUCAS STONE**;

   c. The companies share common management, and

   d. On information and belief, the companies share common ownership.

   e. **TVH** was set up to evade **LUCAS STONE's** Collective Bargaining Agreement.

11. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but measured by the amount of benefits owed by **TVH** for its bargaining unit employees.

12. **LUCAS STONE** is also liable for the unpaid benefits if the **TVH** bargaining unit employees as **LUCAS STONE** is part of the alter ego scheme and is jointly liable for the unpaid benefits

   WHEREFORE, Plaintiffs pray for relief as follows:

   A. **TVH** and **LUCAS STONE** be ordered to submit to an audit for **January 1, 2011 to the present.**

B.      Judgment be entered in favor of Plaintiffs and against **TVH** and **LUCAS STONE** in the amount of benefits owed but unpaid by **TVH**.

C.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.      **TVH** and **LUCAS STONE** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**MARK MCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL, et al.**

By:    s/ Donald D. Schwartz
         One of its Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415