UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK MCCLESKEY, | ) | |
| INDIANA STATE COUNCIL OF | ) | |
| PLASTERERS AND CEMENT MASONS | ) | |
| HEALTH AND WELFARE AND PENSION | ) | |
| FUNDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-05031-SEB-DLP |
| | ) | |
| LUCAS STUCCO STONE & BRICK, LLC, | ) | |
| TVH EXTERIOR LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on the Plaintiffs' Motion to Extend

Discovery, Dkt. [49]. The motion was referred to the Undersigned for ruling and, for

the reasons that follow, is hereby **DENIED**.

## I.   Background

Plaintiffs initiated this action on December 26, 2019, alleging that the

Defendants failed to pay various benefits to the Union fund as required by the

collective bargaining agreement. (Dkt. 1). Plaintiffs requested an audit from

January 1, 2011 to the present. (Id.).

On June 8, 2020, the Court entered a case management plan that set a

deadline of January 1, 2021 for the parties to complete all discovery and file any

dispositive motions. (Dkt. 37). At the December 9, 2020 telephonic status

conference, the parties indicated that they were working toward a settlement and

might have the case resolved quickly. (Dkt. 44). During the January 13, 2021 telephonic status conference, the parties indicated that the audit was being challenged and that the Plaintiffs would revise their settlement demand after receiving the revised audit. (Dkt. 48). The Undersigned instructed the parties to file a formal motion to reopen the discovery and dispositive motion deadline. (Id.).

On March 2, 2021, Plaintiffs filed the present motion to reopen and extend the discovery deadline through May 1, 2021. (Dkt. 49). Defendants filed a response on March 10, 2021; Plaintiffs filed their reply on March 12, 2021; and Defendants filed a surreply on March 19, 2021. (Dkts. 50, 52, 61). The parties presented further argument during the March 18, 2021 telephonic status conference. (Dkt. 62).

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 16, the Court must issue a scheduling order limiting the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order, though, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). In other words, "the good cause standard is met when the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met." *Stewardson v. Cass Cty.*, No. 3:18-cv-958-DRL-MGG, 2020 WL 5249453, at *1 (N.D. Ind. Sept. 3, 2020). "Lack of undue prejudice or surprise to the nonmoving party is

insufficient to establish good cause under Rule 16(b)." *Atain Specialty Ins. Co. v. Sandwich Fair Ass'n, Inc.*, No. 19 CV 5120, 2021 WL 929093, at \*2 (N.D. Ill. Mar. 11, 2021) (citation omitted).

### III.   Discussion

Plaintiffs now request to reopen and extend the discovery deadline through May 1, 2021. (Dkts. 49, 52). Plaintiffs argue that they have diligently engaged in discovery by issuing subpoenas, reviewing discovery responses, and consistently engaging in settlement negotiations with the Defendants. (Dkt. 52 at 1-2).[1] Plaintiffs also note that when asked their position on extending the discovery deadline, on December 21, 2020 Defendants indicated they had no objection. (Id. at 2). Moreover, Plaintiffs maintain, any delay in discovery experienced when rescheduling depositions or halting subpoenas "was based on courtesy to defense counsel." (Id. at 3).

Defendants maintain that the Plaintiffs have failed to establish good cause for reopening and extending the discovery deadline. (Dkt. 50 at 2-4). Defendants argue that when the parties discussed the discovery deadline in December 2020, they did not agree to a blanket extension of the deadline, but instead agreed to an extension through February 15, 2021. (Dkt. 61 at 4). Perhaps most importantly,

---

[1] In their surreply, Defendants argue that Plaintiffs raised arguments for the first time in reply and, thus, those arguments should not be considered. (Dkt. 61 at 1-2). The Undersigned, using her broad discretion when managing the case, concludes that Plaintiffs' reply brief arguments should be considered because they are pertinent to resolving the issues in this case and the Defendants were able to sufficiently respond to Plaintiffs' arguments in a surreply brief. (Dkt. 61).

Defendants further contend that Plaintiffs have not offered any explanation for their delay in filing the motion to extend discovery. (Id. at 4).

The Court first acknowledges that there would be minimal prejudice to the Defendants in extending the discovery deadline, largely because there is no trial date scheduled.[2] It is also recognized that the deposition of Defendants' corporate representative is likely necessary discovery for this ERISA case. Any concerns about the ability to complete necessary discovery, however, are outweighed by Plaintiffs' lack of diligence in seeking an extension of the discovery deadline.

Plaintiffs argue that a discovery extension was discussed with and approved by Defendants' counsel on December 21, 2020, and Plaintiffs' email exchange indicates that the motion would be filed the same day – yet, a motion was not filed. The Undersigned even told the parties to file a motion to reopen the discovery and dispositive motion deadline during the January 13, 2021 status conference, but Plaintiffs' counsel still did not file a motion. Not until six weeks later, almost 10 weeks after the initial conversation with Defendants, did Plaintiffs' counsel move to extend the discovery deadline. (Dkt. 49).

Although the Court accepts that the Plaintiffs acted diligently in engaging in discovery up until December 2020 and in settlement negotiations with Defendants throughout 2020 and into 2021, the Court cannot accept that a ten week delay in requesting to reopen discovery constitutes due diligence, especially when the Court

---

[2] Defendants argue several times that they would experience prejudice by having to engage in discovery so close to the July 2021 trial date. (*See* Dkt. 50 at 1, 4; Dkt. 61 at 4). There is no trial date; instead, the Defendants reference the case management plan's requested trial date. (Dkt. 37 at 6). Until the Court issues a separate scheduling order with a trial date, no trial date exists.

specifically instructed the parties to file such a motion on January 13, 2021.

Additionally, Plaintiffs' email exchange on December 21, 2020 shows that Plaintiffs

were intending to move for an extension of the discovery deadline *before* the

deadline passed, but Plaintiffs then waited another ten weeks, until *after* the

deadline had passed, to file the motion. Plaintiffs offer no explanation for their

delay in filing the present motion and there is nothing in the record that would

explain why a ten-week delay was justified. As such, the Undersigned finds that the

Plaintiffs have not demonstrated good cause to reopen and extend the discovery

deadline. Plaintiffs' motion is thus denied.

### IV.    Conclusion

Plaintiffs failed to establish good cause for reopening the discovery deadline.

Accordingly, Plaintiffs' Motion to Extend Discovery, Dkt. [49], is hereby **DENIED**.

So ORDERED.


Date: 4/15/2021

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana



Distribution:
All ECF-registered counsel of record.